## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  23-285** |
| **FELIPE GARCIA** | **SECTION: "E"** |

### ORDER AND REASONS

Before the Court is a Motion to Revoke the Magistrate's Release Order filed by the Government (the "Motion to Revoke").[1] Defendant Felipe Garcia filed an opposition to the Government's Motion to Revoke and prehearing memorandum.[2]

### BACKGROUND

On March 14, 2024, the Federal Grand Jury charged Defendant Felipe Garcia in Count One of a Superseding Indictment.[3] Count One charges the Defendant with conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[4]

On April 22, 2024, the Defendant made his initial appearance before the Honorable David T. Bristow of the Central District of California, at which time the Government moved for detention.[5] A detention hearing was held before Magistrate Judge Bristow on April 22. At the conclusion of the April 22 detention hearing, Magistrate Judge Bristow continued the hearing until April 23 to allow the defense an opportunity to secure additional securities.[6] On April 23, 2024, Magistrate Judge Bristow ordered Defendant

---

[1] R. Doc. 40.
[2] R. Doc. 55.
[3] R. Doc. 30.
[4] *Id.* at p. 1.
[5] R. Doc. 40-3 at p. 7 (the Government's briefing on procedural history); R. Doc. 48-1 at p. 3 (the Defendant's briefing on factual background).
[6] R. Doc. 48-1 at pp. 4-5.

Garcia released on a $50,000 unsecured bond and ordered the Defendant to appear in the Eastern District of Louisiana on May 13, 2024 (the "Release Order").[7] The Government requested a 48-hour stay of the Defendant's release, which Magistrate Judge Bristow granted.[8]

On April 24, 2024, while Defendant Garcia's release was stayed by Magistrate Judge Bristow, the Government filed in this Court the instant motion for a stay of the Defendant's release and for this Court to revoke Magistrate Judge Bristow's Release Order pursuant to 18 U.S.C. § 3145(a)(1) (the "Motion to Revoke")[9] and a motion to expedite hearing of the Motion to Revoke (the "Motion to Expedite").[10] On April 25, 2024, this Court issued an order (the "April 25 Order") granting the Government's Motion to Expedite, imposing a stay of the Release Order, and ordering Defendant Garcia be remanded to the U.S. Marshals and transported to the Eastern District of Louisiana for a hearing on the Government's Motion to Revoke.[11]

On April 25, 2024, the Court appointed the Federal Public Defender's Office and enrolled Assistant Federal Public Defender Celia Rhoads as counsel of record for Defendant Garcia.[12] On April 28, 2024, defense counsel filed a Motion to Rescind this Court's April 25 Order Staying the Magistrate's Release Order and for Expedited

---

[7] Minute Entry from April 23, 2024 Hearing Before Magistrate Judge Bristow, R. Doc. 38 at p. 12; Release Order and Bond Form, R. Doc. 38 at pp. 13-18; *see also* R. Doc. 40-3 at p. 7 (the Government's briefing on procedural history); R. Doc. 48-1 at p. 7 (Defendant's briefing on factual background).
[8] Minute Entry from April 23, 2024 Hearing Before Magistrate Judge Bristow, R. Doc. 38 at p. 12; *see also* R. Doc. 40-3 at p. 7 (the Government's briefing on procedural history); R. Doc. 48-1 at pp. 7-8 (Defendant's briefing on factual background).
[9] R. Doc. 40.
[10] R. Doc. 42.
[11] R. Doc. 44.
[12] R. Doc. 46.

Consideration (the "Motion to Rescind") on the Defendant's behalf.[13] The Court held a telephone status conference with counsel for both parties on April 29, 2024.[14]

On April 30, 2024, the Court held a hearing on the Defendant's Motion to Rescind.[15] At the hearing and in briefing on that motion, defense counsel urged the Court to rescind the April 25 Order staying the Magistrate's Release Order pending resolution of the Government's Motion to Revoke.[16] At the conclusion of the April 30 hearing, the Court took the Defendant's Motion to Rescind under advisement[17] and set the Government's Motion to Revoke for oral argument on May 3, 2024.[18]

The Court ultimately denied the Defendant's Motion to Rescind on May 1, 2024.[19] In reaching that conclusion, the Court determined that the expedited hearing of the Motion to Revoke adequately protects Defendant Garcia "from prolonged interim detention" pending the Court's review of the Magistrate's Release Order,[20] thereby satisfying the "prompt" resolution requirement of 18 U.S.C. § 3145(a) ("Section 3145(a)").[21] The Court also found that the April 25 Order's stay of the Magistrate's Release Order was proper to avoid "render[ing] the district court's review power illusory."[22]

On May 3, 2024, the Court held a hearing on the Government's Motion to Revoke (the "May 3 Hearing").[23] At the May 3 Hearing, the parties introduced evidence under seal to support the arguments asserted in their briefing and the defense called Senior U.S. Probation Officer Amy LaPointe of the U.S. Probation Office (the "USPO") for the Eastern

---

[13] R. Doc. 48.
[14] R. Doc. 50.
[15] R. Doc. 51.
[16] R. Docs. 48, 54.
[17] R. Doc. 51.
[18] R. Docs. 52, 53.
[19] R. Doc. 54.
[20] *Id.* at p. 5 (quoting *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009)).
[21] *Id.* (citing 18 U.S.C. § 3145(a)).
[22] *Id.* (quoting *Brigham*, 569 F.3d at 230).
[23] R. Doc. 56.

District of Louisiana to testify to her concurrence with a Pretrial Services Report prepared by the USPO for the Central District of California, which recommended the Defendant be released on bond.[24] At the conclusion of the May 3 Hearing, the Court took the parties' arguments on the Motion to Revoke under advisement.[25]

## LEGAL STANDARD

The Bail Reform Act[26] provides an "expedited appeal procedure" for the granting or denying of detention following an arrest.[27] Pursuant to Section 3145(a), "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation" of an order of release issued by a magistrate judge.[28] "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release."[29] "[T]he rule of de novo determination by the district court applies not only when the accused challenges the magistrate's order, but also when the government does, as it is authorized to do by section 3145(a)(1)."[30]

Upon the Government's motion in a case that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," the judicial officer must hold a detention hearing to determine whether the person under arrest is entitled to be released on bail or whether detention without bail pending trial is warranted.[31] "For pretrial detention to be imposed on a defendant, the

---

[24] *See id.*
[25] *Id.*
[26] 18 U.S.C. §§ 3141-3150.
[27] *Manzo-Hernandez v. Juarez*, 20-95, 2020 WL 7658089, at *3 (S.D. Tex. Nov. 12, 2020) (citing *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988) (discussing 18 U.S.C. § 3145)).
[28] 18 U.S.C. § 3145(a); *see also United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 493 (W.D. Tex. 2022).
[29] *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985)).
[30] *Fortna*, 769 F.2d at 249.
[31] 18 U.S.C. § 3142(f)(1)(C).

lack of reasonable assurance of either the defendant's appearance, *or* the safety of others or the community, is sufficient; *both are not required*."[32] Pursuant to Section 3142(f), a determination that "no condition or combination of conditions will reasonably assure *the safety* of any other person and the community shall be supported by clear and convincing evidence."[33] While the Bail Reform Act is silent on the burden of proof required to demonstrate the lack of reasonable assurance for a defendant's appearance, Fifth Circuit courts making that determination "apply the simple preponderance standard."[34]

Under Section 3142(e), the existence of probable cause to believe that the defendant committed "an offense for which a maximum term of imprisonment of ten years or more" in violation of the Controlled Substances Act creates a rebuttable presumption that no conditions of release would "reasonably assure the appearance of the person as required and the safety of the community."[35] The rebuttable presumption of Section 3142(e) shifts only the burden of *producing* rebutting evidence to the defendant, not the burden of *persuasion*.[36] If there is evidence tending to rebut the presumption it does not shift the burden of persuasion to the defendant. The presumption remains a factor to be considered by the court with respect to the reasonable assurance of appearance of a defendant charged with a listed serious drug offense.[37] However, the mere production of evidence does not completely rebut the presumption.[38]

---

[32] *Rueben*, 974 F.2d at 586 (emphasis added) (citing 18 U.S.C. § 3142(e); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *Fortna*, 769 F.2d at 249).

[33] 18 U.S.C. § 3142(f).

[34] *Fortna*, 769 F.2d at 250 ("That is to say, to order detention on this ground the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance.").

[35] 18 U.S.C § 3142(e)(3) (citing 21 U.S.C. § 801, *et seq.*).

[36] *Rueben*, 974 F.2d at 586.

[37] *Fortna*, 769 F.2d at 251.

[38] *Rueben*, 974 F.2d at 586 (citing *Hare*, 873 F.2d at 798).

Once the defendant's production burden is satisfied, Section 3142(g) directs the judicial officer to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[39]

## LAW AND ANALYSIS

The Defendant is charged in Count One of a Superseding Indictment with conspiracy to possess with the intent to distribute methamphetamine.[40] Based on the Superseding Indictment, the Court finds that there is probable cause to believe the Defendant committed an offense for which Section 3142(e) creates a rebuttable presumption of detention.[41] Considering the evidence before the Court, including evidence introduced by the parties under seal at the May 3 Hearing, the Court is satisfied with the Defendant's production of evidence to rebut the presumption of his detention.[42]

---

[39] 18 U.S.C. § 3142(g).
[40] R. Doc. 30.
[41] *See* 18 U.S.C. § 3142(e)(3)(A).
[42] *See* R. Doc. 56.

Thus, the Court now considers the factors identified in Section 3142(g) to determine whether conditions of release exist that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.[43]

First, Section 3142(g)(1) directs the Court to consider "the nature and circumstances of the offense charged."[44] In its Motion to Revoke and at the May 3 Hearing, the Government argues that the seriousness of the controlled substance offense with which the Defendant is charged weighs against his release, as it carries "a minimum ten years imprisonment and up to life imprisonment."[45] The defense contends "the nature of the offense alone is insufficient grounds to detain" and claims the Government's "arguments about sentencing exposure are overblown" because the Defendant "has *no* [prior] *criminal convictions*."[46] In the Fifth Circuit, "the risk of continued narcotics trafficking on bail does constitute a risk to the community."[47] Indeed, "the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."[48] On this factor, the Court recognizes that the Defendant is charged with an offense involving a controlled substance, but he is not charged with a crime of violence, a violation of Section 1591, a federal crime of terrorism, or a crime that involves a minor victim or a firearm, explosive, or destructive device.[49]

Second, Section 3142(g)(2) instructs the Court to consider "the weight of the evidence" against the defendant.[50] "A district court can only rule on the basis of the evidence before it."[51] Although an indictment may provide probable cause, "the

---

[43] *See* 18 U.S.C. § 3142(g).
[44] 18 U.S.C. § 3142(g)(1).
[45] R. Doc. 40-3 at p. 11.
[46] R. Doc. 55 at pp. 14-15.
[47] *Rueben*, 974 F.2d at 586 (citing *Hare*, 873 F.2d at 798).
[48] *Id.* (citing *Hare*, 873 F.2d at 798-99).
[49] *See* 18 U.S.C. § 3142(g)(1).
[50] 18 U.S.C. § 3142(g)(2).
[51] *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988).

government cannot reasonably argue that the Section 3142(e) presumption, coupled with the allegations of the indictment against [the defendant], are alone sufficient to satisfy Section 3142(g)."[52] In the Fifth Circuit, "when the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted."[53] In this case, the Government points to the Superseding Indictment and several exhibits introduced under seal at the May 3 Hearing to support its argument that the Defendant is incentivized to flee because "[t]he weight of evidence against [him] is irrefutable."[54] The defense acknowledges this factor favors the Government, but maintains that it is "the least important of the various factors," and urges the Court to consider it as such.[55]

Third, Section 3142(g)(3) directs the Court to consider "the history and characteristics" of the Defendant.[56] The Government concedes Defendant Garcia's "criminal history is minimal" and introduced no evidence to suggest he has not complied with the conditions of release imposed by the State of California with respect to his proceedings in state court.[57] The Government simply suggests the Defendant's lack of contact with the Eastern District of Louisiana, in light of his California residency and Mexican citizenship, implies that he poses a serious flight risk.[58]

In opposition, the defense argues that Defendant Garcia's character,[59] community ties, criminal history,[60] and the record of his state court proceedings, which indicate his

---

[52] *Id.*
[53] *Rueben*, 974 F.2d at 586 (citing *Jackson*, 845 F.2d at 1266).
[54] R. Doc. 40-3 at p. 10.
[55] R. Doc. 55 at pp. 15-16.
[56] 18 U.S.C. § 3142(g)(3).
[57] R. Doc. 40-3 at p. 10.
[58] *Id.*
[59] At the May 3 Hearing, the defense introduced character letters from the Defendant's five children.
[60] "[A]t age 56, [Defendant Garcia] is a rare federal criminal defendant who has *no criminal convictions at all.*" R. Doc. 55 at p. 11.

consistent appearance, demonstrate that the third Section 3142(g) factor weighs in the Defendant's favor.[61] At the May 3 Hearing, the defense introduced several exhibits under seal to support this factor and called USPO Senior Officer Amy LaPointe to testify to her concurrence with the Pretrial Services Report prepared by USPO for the Central District of California, which recommended the Defendant be released on bond.[62] The defense pointed to the Pretrial Services Report's finding that Defendant Garcia has been in the United States since 1992 and has never returned to Mexico to demonstrate the Defendant's "extensive and stable community ties" and to rebut the Government's reliance on the Defendant's Mexican citizenship as a basis for his purported flight risk.[63]

Finally, Section 3142(g)(4) instructs the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."[64] When evaluating this factor, Fifth Circuit courts may consider that "the risk of continued narcotics trafficking on bail does constitute a risk to the community" and "drug offenders pose a special risk of flight and dangerousness to society."[65] As discussed, Defendant Garcia is charged with an offense for which Section 3142(e) creates a rebuttable presumption of detention, which the Court considers when weighing this factor.[66]

Considering the evidence presented in the parties' briefs and at the May 3 Hearing on the Government's Motion to Revoke the Magistrate's Release Order, the Court finds that the Government has failed to demonstrate that there are no conditions sufficient to reasonably assure the Defendant's appearance, by a preponderance of the evidence, or the

---

[61] *See* R. Doc. 55.
[62] *See* R. Doc. 56.
[63] R. Doc. 55 at pp. 8-9.
[64] 18 U.S.C. § 3142(g)(4).
[65] *Rueben*, 974 F.2d at 586 (citing *Hare*, 873 F.2d at 798-99).
[66] *See supra* notes 41-42.

safety of any other person and the community, by clear and convincing evidence. Thus, the Court concludes that the Government has not satisfied its burden of persuasion and pretrial detention is not warranted in this case. The Court will affirm the Magistrate's Release Order, subjecting the Defendant to the bond and conditions of release ordered below, including one additional special condition—the Defendant will be subject to home detention, which restricts him to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by Pretrial Services or the Court. In ordering this additional condition of release, this Court finds that these conditions are the least restrictive combination of conditions that will reasonably assure the Defendant's appearance as required and the safety of any other person and the community under Section 3142(c)(1).[67]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Government's Motion to Revoke the Magistrate's Release Order is **DENIED**.[68]

**IT IS FURTHER ORDERED** that the Defendant is subject to all general conditions of release, including the following:

- The Defendant must not violate federal, state, or local law while on release; and

- The Defendant must cooperate with Pretrial Services for purposes of his supervision while on release.

**IT IS FURTHER ORDERED** that the Defendant is subject to the following special conditions of release:

---

[67] *See* 18 U.S.C. § 3142(c)(1).
[68] R. Doc. 40.

- Bail is set in the amount of $50,000 in the form of an appearance bond to be secured by an affidavit of surety without justification, and that is to be secured by responsible third parties which include the Defendant's daughter, Tejes Garcia, the Defendant's son, Felipe Garcia, and the Defendant's stepdaughter, Rocio Galvan-Chavez;

- The Defendant is to submit to the supervision of the USPO and Pretrial Services Department and must comply with any directions from Pretrial Services;

- The Defendant must surrender all passports or travel documents to Pretrial Services prior to his release and must sign a declaration regarding passport and other documents and not apply for the issuance of a passport or other travel document during the pendency of this case;

- The Defendant's travel is restricted to the Central District of California and the Eastern District of Louisiana, as determined by the Superseding Indictment that has been filed against the Defendant in this matter;

- The Defendant may travel to the Eastern District of Louisiana to appear for this matter, but may not travel to any other location unless prior permission has been granted by Pretrial Services prior to the Defendant's travel to any other specific location;

- Court permission is required for any international travel, as well as for any domestic travel since the Defendant will also be subject to a location monitoring program;

- The Defendant must reside as approved by Pretrial Services and must not relocate his residency without the prior permission from Pretrial Services;

- The Defendant must avoid all contact, directly or indirectly, including by any electronic means, including by email, by text, or by any social media, with any known codefendants in this matter except in the presence of counsel;

- The Defendant is not to possess any firearms, ammunition, destructive devices or other dangerous weapons;

- In order to determine compliance with this condition, the Defendant agrees to submit to a search of his person and/or property by Pretrial Services which may be done in conjunction with law enforcement;

- The Defendant is not to use or possess illegal drugs or state-authorized marijuana;

- In order to determine compliance with this condition, the Defendant agrees to submit to a search of his person and/or property by Pretrial Services, which may be done in conjunction with law enforcement;

- The Defendant is not to use for purposes of intoxication any controlled substance analog as defined by federal law or any street synthetic or designer psychoactive substance capable of impairing mental or physical functioning more than minimally except as prescribed by a medical doctor;

- The Defendant will be subject to home detention, which restricts the Defendant to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by Pretrial Services or the Court;

- The Defendant must submit to GPS location monitoring technology and comply with its requirements as directed by Pretrial Services;

- The Defendant must pay all of part of the costs of the program based upon his ability to pay as determined by Pretrial Services and the Defendant is financially responsible for any lost or damaged equipment; and

- The Defendant must enroll in the location monitoring program within 24 hours of his release as directed by Pretrial Services and as ordered by the Court.

**IT IS FURTHER ORDERED** that the Defendant appear before the duty magistrate at the United States District Courthouse in New Orleans, Louisiana, which is located at 500 Poydras Street, New Orleans, 70130 on **Monday, May 13th, 2024 at 2:00 p.m. Central Time**.

**New Orleans, Louisiana, this 7th day of May, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**